IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph Cottone, Jr.<br>    Plaintiff,<br><br>v.<br><br>Sports Attack, LLC; Better Baseball, Inc.,<br>    Defendants.<br><br>Sports Attack, LLC,<br>    Third Party Plaintiff,<br><br>v.<br><br>Anderson University,<br>    Third Party Defendant.<br><br>Sports Attack, LLC,<br>    Cross Claimant,<br><br>v.<br><br>Better Baseball, Inc.,<br>    Cross Defendant.<br><br>Better Baseball, Inc.,<br>    Third Party Plaintiff,<br><br>v.<br><br>Anderson University,<br>    Third Party Defendant.<br><br>Better Baseball, Inc.,<br>    Cross Claimant,<br><br>v.<br><br>Sports Attack, LLC,<br>    Cross Defendant. | Case No. 8:24-cv-03615-JDA<br><br>**<u>OPINION AND ORDER</u>** |

This matter is before the Court on motions to dismiss filed by Third Party Defendant Anderson University ("Anderson University"). [Docs. 46; 54.] Third Party Plaintiffs Sports Attack, LLC ("Sports Attack") and Better Baseball, Inc. ("Better Baseball") (collectively, the "Third Party Plaintiffs") filed responses in opposition to Anderson University's motions, and Anderson University filed a reply related to its motion to dismiss Sports Attack's Third Party Complaint. [Docs. 51; 56; 66.] The motions are ripe for review.

## **BACKGROUND**[1]

This action arises from injuries Plaintiff allegedly sustained while he was a student athlete at Anderson University. [*See generally* Doc. 26.] Around March 20, 2023, Plaintiff was operating a Hack Attack Baseball Pitching Machine (the "Machine") manufactured and distributed by Sports Attack. [*Id.* ¶¶ 2, 5.] Plaintiff placed a ball into the Machine, which sent the ball to a batter. [*Id.* ¶ 5.] The batter hit the ball through a hole in a screen manufactured and distributed by Better Baseball. [*Id.* ¶¶ 3, 5, 8.] The ball collided with the Machine and struck Plaintiff in the face, causing him serious and disabling injuries. [*Id.* ¶ 5.] Plaintiff then filed this action against Sports Attack and Better Baseball, asserting causes of action for negligence, breach of warranty, and strict liability. [*Id.* ¶¶ 5–19.]

Sports Attack filed a Third Party Complaint against Anderson University, asserting causes of action for equitable indemnification and contribution. [Doc. 32 ¶¶ 15–26.] Better Baseball filed a Third Party Complaint against Anderson University, asserting a cause of action for indemnification. [Doc. 47 ¶¶ 52–57.] The Third Party Complaints

---

[1] The facts included in this Background section are taken directly from the Amended Complaint and the Third Party Complaints. [Docs. 26; 32; 47.]

2

allege that any liability of the Third Party Plaintiffs was caused by Anderson University's negligence. [Docs. 32 ¶¶ 15–26; 47 ¶¶ 52–57.]

## APPLICABLE LAW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a

3

> formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

4

**DISCUSSION**

Although Anderson University's motions to dismiss each seek to dismiss the equitable indemnification and contribution claims [Docs. 46-1 at 2–6; 54-1 at 2–6], Anderson University has since withdrawn its motion to dismiss as to the contribution claim alleged by Sports Attack [Doc. 56 at 1–2] and, as noted above, Better Baseball did not assert a contribution claim against Anderson University [*see* Doc. 47 ¶¶ 52–57]. Accordingly, the Court analyzes whether the Third Party Defendants' equitable indemnification claims should be dismissed.[2]

Indemnity is a "form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 611 S.E.2d 235, 237 (S.C. 2005) (internal quotation marks omitted). "A right to indemnity may arise by contract (express or implied) or by operation of law as a matter of equity between the first and second party."[3] *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 398 S.E.2d 500, 502 (S.C. Ct. App. 1990), *aff'd*, 414 S.E.2d 118 (S.C. 1992). "The right to indemnity arises by operation of law in cases of imputed fault or where some special relationship exists between the first and second parties." *Globe Commc'ns*, 611 S.E.2d at 237 (internal quotation marks omitted).

---

[2] The Court addresses the motions together because the memoranda in support of the motions to dismiss raise the same arguments for dismissal and are virtually identical except for the differences in which Third Party Plaintiff is named and the citations to the Third Party Complaints. [*Compare* Doc. 46-1 *with* Doc. 54-1.]

[3] Although the heading for the indemnification cause of action in Better Baseball's Third Party Complaint does not specify whether it is for contractual or equitable indemnification [Doc. 47 at 9], the allegations make clear that it is a claim for equitable indemnification because Better Baseball does not allege that it has entered into any contract with Anderson University [*id.* ¶¶ 52–57].

In its motions to dismiss, Anderson University argues that the Third Party Plaintiffs' equitable indemnification claims are improperly pled and fail as a matter of law because they fail to plead the existence of a special relationship between Anderson University and either Sports Attack or Better Baseball.  [Docs. 46-1 at 2–5; 54-1 at 2–5.]  Sports Attack counters that it has alleged that Anderson University's negligence caused Sports Attack to be in litigation with Plaintiff due to no fault of its own and has required Sports Attack to incur expenses necessary to protect its interests and that such allegations are sufficient to allege a special relationship pursuant to South Carolina law for equitable indemnification purposes.  [Doc. 51 at 5–8.]  Better Baseball incorporates Sports Attack's arguments [Doc. 66 at 4 n.1] and reiterates that Anderson University's negligence "resulted in Better Baseball being placed into litigation with Plaintiff . . . through no fault of Better Baseball" [*id.* at 3].

The majority in *Globe* held "that there must be some kind of relationship between the parties beyond the relationship established by virtue of one party alleging that he was sued because of another party's wrongdoing."  *Globe Commc'ns*, 611 S.E.2d at 237 n.3.  However, that is exactly the "relationship" the Third Party Plaintiffs have pled in this case.  Sports Attack denies any liability and alleges that, if Plaintiff proves he sustained injuries as a result of his participation in baseball practice at Anderson University, "such outcome will be the result of the errors or omissions of Anderson University, the breach of its duties of care, and/or its other legal obligations."[4]  [Doc. 32 ¶¶ 13, 16; *see also id.* ¶¶ 14 (alleging

---

[4] Sports Attack also alleges that it "bears a sufficient relationship to" Anderson University.  [Doc. 32 ¶ 19.]  However, this allegation fails to satisfy the *Twombly* and *Iqbal* standard because Sports Attack pleads no facts to support the conclusory allegation.

that Anderson University directly contributed to or caused Plaintiff's alleged injuries), 18 (same).]  Similarly, Better Baseball denies liability and alleges that, if Plaintiff proves his allegations, "any injuries or damages sustained by Plaintiff were due to, in whole or in part, acts or omissions by Anderson University."[5]  [Doc. 47 ¶ 50; *see also id.* ¶¶ 51 (alleging that "Anderson University breached its duties and was negligent and/or grossly negligent"), 55 (alleging that, "[t]o the extent . . . Better Baseball is liable to Plaintiff in this action, then such liability will be the result of the errors or omissions of Anderson University, and its breach of its duties").]  Accordingly, both Third Party Plaintiffs merely contend that they have been sued because of Anderson University's wrongdoing, which is insufficient to state a claim for equitable indemnification in South Carolina.  *See Globe*, 611 S.E.2d at 237 n.3; *see also Martin v. Char-Broil, LLC*, No. 3:20-cv-2433-CMC, 2020 WL 12788155, at *3 (D.S.C. Sept. 25, 2020) (concluding that the allegations in a third party complaint failed to show a relationship that would allow for an equitable indemnification action where the third party complaint merely alleged a relationship was established by virtue of the third party plaintiff, a grill manufacturer, alleging it had been sued based on wrongdoing by the manufacturer of the propane cylinder and valve in the grill).

Moreover, the Third Party Plaintiffs cannot rely on imputed fault as the basis for equitable indemnification.  That is so because, in the instant case, Anderson University's fault, if any, is not imputed to the Third Party Plaintiffs.  As noted, Plaintiff's Complaint

---

[5] Better Baseball also alleges that a "special relationship exists such that [it] is entitled to indemnity from Anderson University."  [Doc. 47 ¶ 54; *see also id.* ¶ 56 (alleging that a right to indemnity exists because of the relationship between Better Baseball and Anderson University").]  This allegation also fails to satisfy the *Twombly* and *Iqbal* standard because Better Baseball pleads no facts to support the conclusory allegation.

7

asserts causes of action against the Third Party Plaintiffs for negligence, breach of warranty, and strict liability. [Doc. 26 ¶¶ 5–19.] The negligence and strict liability claims are related to the manufacture, design, and warnings on the Third Party Plaintiffs' products. [*Id.* ¶¶ 10, 17.] And the breach of warranty claim is based on express and implied warranties the Third Party Plaintiffs' allegedly made regarding their products. [*Id.* ¶ 13.] Accordingly, Plaintiff seeks damages for the Third Party Plaintiffs' own wrongful conduct rather than Anderson University's imputed fault. *See Grimes v. Young Life, Inc.*, No. 8:16-1410-HMH, 2017 WL 5634239, at *6 (D.S.C. Feb. 17, 2017) (concluding, where a complaint alleged that a swing manufacturer was negligent in designing a swing and failing to warn the camp where the swing was used about its dangers, that the plaintiff sought damages for the swing manufacturer's own wrongful conduct rather than the camp's imputed fault). As a result, Anderson University's motions to dismiss are granted as to the equitable indemnification claims.

## **CONCLUSION**

For the reasons set forth above, Anderson University's motions to dismiss [Docs. 46; 54] are GRANTED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>
United States District Judge

September 30, 2025
Greenville, South Carolina